USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/26/15

# OLSHAN

PARK AVENUE TOWER • 65 EAST 55TH STREET NEW YORK, NEW YORK 10022
TELEPHONE: 212.451.2300 • FACSIMILE: 212.451.2222

**MEMO ENDORSED**

June 16, 2015

BY ECF AND MAIL
Honorable William H. Pauley III
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 1920
New York, NY 10007

*Application granted. The pre-motion conference will be held in conjunction with the 7/24/15 initial pretrial conference.*

**SO ORDERED:**

*[signature]* 6/26/15
WILLIAM H. PAULEY III U.S.D.J.

Re:   Gemini Masters Fund, Ltd. and Black Mountain Equities, Inc. v. Electronic Cigarettes International Group, LTD., 15-cv-3378 (WHP)

Dear Judge Pauley:

We represent plaintiffs Gemini Master Fund, Ltd. ("Gemini") and Black Mountain Equities, Inc. ("BME" and collectively "Plaintiffs"), and write per Your Honor's rule of Individual Practice III.A.ii to request a pre-motion conference regarding our proposed motion for summary judgment on all claims. As set forth below, this is a straightforward breach of contract case, where defendant's breach — the failure to deliver shares timely — is not in dispute. Damages are set by the terms of the parties' agreement. Plaintiffs therefore propose moving for summary judgment based on the unambiguous terms of the underlying agreements and the undisputed breach.

### Defendant Has Admittedly Breached the Unambiguous Terms of the Contract

Plaintiffs are holders of common stock purchase warrants (the "Warrants") that entitled them to purchase over 20 million shares in defendant Electronic Cigarettes International Group, Ltd. ("ECIG") at a fixed price. Each of the Warrants contains substantively identical terms. A copy of one such Warrant is attached as Exhibit A.

As defendant admits in its Answer, plaintiffs properly exercised the Warrants on March 5, 2015. (Answer ¶ 14). Under Section 2(d)(i) of the Warrants, defendant ECIG had three trading days from delivery of the Notice of Exercise, to transmit the purchased shares to the warrant holder. (Ex. A. § 2(d)(i)). Plaintiffs therefore were entitled to receive shares no later than March 10, 2015. Defendant admits that it did not deliver the shares until March 26, 2015, 11 trading days late. (Answer ¶ 16). This delay is a clear violation of Section 2(d)(i) of the Warrants. The Warrants provide for liquidated damages to cover this precise event in the form of a cash payment based on a formula set forth in the Warrants. (Ex. A. § 2(d)(i)). Plaintiffs seek damages based on this formula, approximately $732,000, plus interest and attorney's fees.

Gemini and BME have each brought a breach of contract claim for breach of the Warrants. There is no dispute that defendant failed to timely perform under the Warrants. Nor has defendant paid the required liquidated damages. Summary judgment is warranted where, as

June 16, 2015
Page 2

here, "the agreement's language is unambiguous and conveys a definite meaning." *Saltzman v. Louisiana Auction Exch., Inc.*, 997 F. Supp. 537, 541-42 (S.D.N.Y. 1998). *See AXA Inv. Managers UK Ltd. v. Endeavor Capital Mgmt. LLC*, 890 F. Supp. 2d 373, 380 (S.D.N.Y. 2012) ("Under New York caselaw, contracts are facially clear when they contain unequivocal payment requirements, and proof of failure to meet such requirements is sufficient to satisfy a movant's initial burden in seeking summary judgment.") Here, the standard is clearly met.

### Damages Can Be Appropriately Determined on Summary Judgment

Defendant's purported defenses are unavailing and do not preclude summary judgment. Defendant's first three affirmative defenses ignore the clear terms of the contract, and in effect ask the Court to re-write the Warrants. Thus, defendant contends that its lack of available shares excuses its non-performance. But defendant was required to have shares available to honor Plaintiffs' exercises.

Defendant also challenges the liquidated damages provision in its own Warrants.

In New York, whose law governs, courts routinely uphold liquidated damages provisions on summary judgment. The enforceability of a damages clause "is a question of law for the Court giving due consideration to the nature of the contract and the circumstances." *L & L Wings, Inc. v. Marco-Destin Inc.*, 756 F. Supp. 2d 359, 363 (S.D.N.Y. 2010) (citation omitted). Moreover, "New York law favors freedom of contract through the enforcement of stipulated damage provisions so long as they do not clearly disregard the principle of compensation." *Id.* (citation omitted). Thus, "parties may agree upon damages in advance when the liquidated amount is a reasonable measure of the anticipated probable harm, and the probable actual loss from a breach is difficult to estimate or ascertain at the time the contract is executed." *Rattigan v. Commodore Int'l Ltd.*, 739 F. Supp. 167, 169 (S.D.N.Y. 1990) (citation omitted). When evaluating a liquidated damages provision, "a court must also give due consideration to whether the parties were sophisticated and represented by counsel, the contract was negotiated at arms-length between parties of equal bargaining power, and ... that [the provision] was freely contracted to." *L & L Wings, Inc.*, 756 F. Supp. 2d at 364 (citation omitted).

The liquidated damages provision in the Warrants is precisely the type of damages provision that a court will enforce. The parties, sophisticated corporations, who were represented by counsel at the time of contracting, chose to include a damages provision to reasonably account for lost opportunity if delivery of shares were delayed. *L & L Wings, Inc.*, 756 F. Supp. 2d at 364. At the time the parties entered into the Warrants, the damages stemming from defendant's delayed delivery of the shares could not have been calculated. *See Rattigan*, 739 F. Supp. at 169; *see also XA Inv. Managers*, 890 F. Supp. 2d at 389 (upholding a liquidated damages provision on summary judgment where sophisticated parties bargained for a liquidated damages clause to offset plaintiff's opportunity loss as a result of delayed payment). Moreover, the liquidated damages are a reasonable estimate of Plaintiffs' foreseeable loss. *See Rattigan*, 739 F. Supp. at 169. In fact, the liquidated damages Plaintiffs seek are significantly less than the losses Plaintiffs actually suffered due to ECIG's delay in delivering the shares. Defendant's share price traded above $2.00 from March 1 to March 17, but declined precipitously after the

June 16, 2015
Page 3

shares were delivered, reaching $0.28 by April 17, 2015. Plaintiffs estimate their actual losses exceed $2 million.

## Conclusion

For the reasons stated above, plaintiffs Gemini and BME respectfully request permission to move for summary judgment and respectfully request that Your Honor schedule a pre-motion conference.

Respectfully submitted,

Thomas J. Fleming

cc:   Lawrence S. Hirsh, Esq. (via email)
      David E. Danovich, Esq. (via email)

3231018-2
Page 3