# O L S H A N

PARK AVENUE TOWER • 65 EAST 55TH STREET • NEW YORK, NEW YORK 10022
TELEPHONE: 212.451.2300 • FACSIMILE: 212.451.2222

EMAIL: TFLEMING@OLSHANLAW.COM
DIRECT DIAL: 212.451.2213

# MEMO ENDORSED

December 4, 2015

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12-9-15
```

BY FEDERAL EXPRESS

Hon. William H. Pauley III
Unites States District Judge
United States Court House
500 Pearl Street
New York, New York 10007

Re: Gemini Master Fund, Ltd. et al v. Electronic Cigarettes International Group
Case No. 1:15-CV-03378 (WHP)

Dear Judge Pauley:

Our firm represents Plaintiffs in this matter. We write jointly with counsel for defendant to seek a ruling from the Court on a discovery dispute. Plaintiffs seek to schedule the deposition of defendant's CFO, Phillip Anderson, before the close of discovery on December 31, 2015. Defendant has declined to provide a date for Mr. Anderson's deposition.

Plaintiffs' Contentions

Plaintiffs seek to take a single deposition in this case, that of Mr. Anderson, the apparent sole witness offered by defendant in support of its defenses. The parties have completed all discovery, apart from this deposition. There is no dispute that Mr. Anderson has relevant testimony. Plaintiffs noticed his deposition on November 13, 2015. Defendant has yet to offer a date for his testimony.

Defendant takes the position that Mr. Anderson's deposition, and all other discovery, should be stayed pending the Court's determination of the summary judgment motion argued November 6, 2015. The Court's Scheduling Order contemplated that discovery and motion practice would proceed on parallel tracks. Plaintiffs wish to keep that Order in place to expedite

December 3, 2015
Page 2

the resolution of this case. Plaintiffs are motivated by their concern that defendant's business prospects are bleak and that other creditors may obtain priority. Delay is therefore highly prejudicial to plaintiffs.

### Defendant's Contentions

Defendant objects to the taking of Mr. Anderson's deposition before the plaintiffs' motion for summary judgment is decided. The deposition would cause defendant to incur potentially needless additional expense, which is inappropriate given plaintiffs' representations in its motion and at oral argument that there are no outstanding questions of material fact. Plaintiffs elected to make an early motion for summary judgment without taking the deposition of defendant. Having caused defendant to incur the expense of responding to the summary judgment motion, plaintiffs should not now be permitted to change course and cause defendant to incur the further expense of a deposition before the motion is decided. Furthermore, plaintiffs have not identified any prejudice that would result if the deposition is deferred until after the motion is decided.

### Meet and Confer

On December 1, 2015 I spoke with Lawrence Hirsh, counsel for defendant, in an effort to resolve this discovery dispute. We spoke for approximately twenty minutes and our discussions were professional. Unfortunately, we were not able to reach a compromise. We had previously exchanged email before our call and I had also met with defendant's general counsel, Robert Lanza, on November 25, 2015 for approximately 30 minutes to discuss steps that might make discovery unnecessary.

3496566-2

December 3, 2015
Page 3

Based on the foregoing, we respectfully request that the Court issue an Order resolving the foregoing discovery dispute.

Respectfully submitted,

Thomas J. Fleming

cc: Lawrence Hirsh, Esq.

In view of the pending motion for summary judgment, the discovery deadline is extended through February 5, 2016. The final pretrial conference and joint pretrial order filing deadline are adjourned sine die.

SO ORDERED:

_____  12-9-15
WILLIAM H. PAULEY III U.S.D.J.

3496566-2